Johnson v. Gorczyk, No. S1404-00 CnC  (Norton, J., July 6, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                          SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S1404-00 CnC

JOHNSON

v.

GORCZYK

ENTRY

Prisoner seeks relief through V.R.C.P. Rule 75 from a Department of Corrections disciplinary action taken against him while he was incarcerated.  Convicted of kidnaping and murder in 1990, Prisoner is currently serving a 60-year sentence in a Virginia corrections facility.  On May 19, 2000, after losing his prison job, Prisoner became visibly upset and agitated toward a prison counselor.  Following a report and hearing, Prisoner was ordered into segregation for 15 days for violating the facility's disciplinary code.  Five months later, Prisoner filed this motion.

This court originally dismissed Prisoner's complaint for lack of subject matter jurisdiction because Prisoner had long since been released from segregation. Prisoner appealed, and the Vermont Supreme Court remanded for a fuller consideration of any negative consequences flowing from the action. On remand, Corrections has filed a motion for summary judgment. Plaintiff has not responded to this motion in any manner.

Corrections argues that Prisoner has suffered no adverse effects from his disciplinary action. The evidence shows the following:

- Prisoner did not lose any automatic good time credit under 28 V.S.A. § 811(a).
- The disciplinary action was not registered on Prisoner's "permanent record."
- The parole board will not be told of this incident when petitioner becomes eligible for parole in 2033.
- There has been no change to Prisoner's custody level.
- There is no evidence that the inmates or corrections officers consider Prisoner to be a "troublemaker" as a result of this incident.
- Prisoner lost some discretionary good time credit under 28 V.S.A. § 811(b) because he could not participate in a rehabilitative program while he was in segregation.

With the exception of the last fact, the evidence shows no negative consequences as a result of this disciplinary action. As to the exception, the law is clear that Prisoner has no liberty interest in such discretionary credit, and no due process right to review. Conway v. Gorczyk, 171 Vt. 374, 379 (2000). This means that the only "lasting" negative effect from Prisoner's disciplinary action was the loss of a few discretionary credits to which Rule

75 provides no right of relief.  This leads the court to the same conclusion as before.  Prisoner has no right of review or relief as a matter of law.

Based on the foregoing, the Department of Corrections' Motion for Summary Judgment is Granted.  Case is Dismissed.

Dated at Burlington, Vermont_____, 2005.


_____
Judge